```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


LORINE BLAKELY, LILLIAN M.      )
BROWN, TIERNEY LOKEY, MABEL     )
OWUSU, JULIA E. ROGERS, ANGELA  )
SALES-STEPHENS, LEOLA NANCY     )
STONE, VERRETTA TERRY, KIA      )
THOMAS, ANGELA L. WALKER, MARLO )
WILLIAMS, MARY B. WILLIAMS,     )
                                )
            Plaintiffs          )
                                )
      v.                        )   Case No. 2:10 cv 342
                                )
BIG LOTS STORES, INC.,          )
                                )
            Defendant           )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Strike [DE 14] filed by the defendant, Big Lot Stores, Inc., on October 15, 2010. For the following reasons, the motion is GRANTED.

### Background

The Big Lots store located in Merrillville, Indiana, closed in October 2009, around the same time Big Lots began staffing its nearby Hobart, Indiana, location. Big Lots transferred some of its employees from the Merrillville to the Hobart location. The plaintiffs allege that Big Lots selected which employees it would transfer in a discriminatory manner, based on race and age. The plaintiffs, several employees from the Merrillville Big Lots location who were denied transfer, filed their complaint on

August 26, 2010, requesting a declaratory judgment, reinstatement of their positions, back pay, and compensatory and punitive damages. In their complaint, the plaintiffs allege, "Big Lots Stores, Inc. has a company-wide policy of racial discrimination in California by allowing African-American employees to be called racial epithets." (Pltfs Comp. pp. 3-4)  Big Lots moves to strike this statement, arguing that this statement bears no weight on the plaintiffs' claims and was included to impugn Big Lots' reputation.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter."  An allegation is immaterial to the matter if it bears no essential relationship to the claim for relief or defenses.  Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005)(citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).  Similarly, a matter is considered impertinent if it consists of statements that do not pertain or are unnecessary to the claim.  Wilkerson, 229 F.R.D. at 170.  A scandalous matter also should be stricken where it casts a derogatory light on someone, usually a party, and bears no possible relationship to the controversy.  Wilkerson, 229 F.R.D. at 170.

Motions to strike generally are disfavored, although may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Doe v. Brimfield Grade School, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992).

Big Lots argues, and the court agrees, that the plaintiffs' allegation surrounding the racial epithets that allegedly occurred at the California Big Lots locations bears no weight on the present matter. The essence of the plaintiffs' complaint concerns discriminatory policies within the Merrillville and Hobart Big Lots locations. The complaint does not allege that Big Lots corporate office encouraged discrimination on a nationwide basis, nor does it request relief for such actions. The alleged condonation of racial epithets in California does not advance the plaintiffs' theory that the management at the Merrillville or Hobart locations practiced discrimination in failing to transfer certain individuals on the account of race and age. Not only is the location and management involved different from the events in California, but the form of the alleged discrimination differs. Therefore, this allegation will not shed any light on the intent

3

of the Merrillville and Hobart managers for selecting employees to transfer to the Hobart location in a discriminatory manner. In light of these observations, the court finds that these allegations are immaterial and impertinent to the matter, and GRANTS the Motion to Strike [DE 14] filed by the defendant, Big Lot Stores, Inc., on October 15, 2010. The sentence in the plaintiffs' complaint stating that "Big Lots Stores, Inc. has a company-wide policy of racial discrimination in California by allowing African-American employees to be called racial epithets" is ORDERED STRICKEN from the plaintiffs' complaint.

ENTERED this 6th day of April, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge