UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIA THOMAS, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-342-JEM |
| ) | |
| BIG LOTS STORES, INC., ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a number of motions in limine [DE 96, 99, 100, 101, 102, 103, 106, 107, 108, 109] filed by the parties on April 6, 2016.

**A.**     **Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

    1.     <u>Evidence of Public Benefits Received by any Plaintiff</u>

Plaintiffs request that the Court exclude evidence of any collateral source benefit received by any of the plaintiffs to avoid prejudicial impact. [DE 96]. Defendant did not respond to the motion, and the Court agrees that any probative value of that evidence would be outweighed by damage of unfair prejudice. Fed. R. Evid. 401. Defendant is barred from introducing evidence of or otherwise referring to collateral source benefits received by any Plaintiff.

### 2. Reference to EEOC Investigation and Final Determination

Plaintiffs request that the Court bar any reference to the final determination of the EEOC investigation into the charges of discrimination filed in this case. [DE 99]. They argue that the final EEOC determination is barred by the rule against hearsay and Federal Rule 403, and the Court agrees that the danger of prejudice outweighs any probative value. *See Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 6606044, at *11-12 (N.D. Ind. Nov. 20, 2014) ("[T]he probative value of evidence of the EEO''s investigation and findings, such as they are, is limited, as the jury will have the benefit of considering live testimony given under oath and tested through the adversary process, which was not available to the EEOC . . . []while[] the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time are substantial." (citing *Silverman v. Bd. of Educ. of the City of Chicago*, 637 F.3d 729, 733 (7th Cir. 2011); *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 624 (7th Cir.2003); *Halloway v. Milwaukee Cnty.*, 180 F.3d 820, 827 (7th Cir.1999); *EEOC v. Custom Cos., Inc.*, No. 02-cv-3768, 2007 WL 1810495 (N.D. Ill. June 21, 2007)).

Defendant did not respond to Plaintiffs' motion, but filed its own motion to exclude evidence relating to its EEOC investigation. [DE 107]. Defendant argues that it has the right to conduct a preliminary review and respond quickly to an EEOC charge without having to fear the repercussions of possibly taking an inconsistent or incomplete position, and that introduction of testimony, exhibits, or references to the investigation would mislead and confuse the jury, causing prejudice to Defendant. Defendant analogizes the evidence to informal endeavors by the EEOC Commission to end allegedly unlawful employment practices, information that cannot be made public by the Commission pursuant to 42 U.S.C. § 2000e-5(b). Plaintiffs argue that Defendant's statements

regarding the circumstances surrounding their alleged constructive discharge and whether Defendant discriminated against them are relevant and admissible. They argue that the statements Defendant is seeking to bar were made in the course of Plaintiffs' discrimination charges, not as part of an attempt to informally resolve a dispute.

Defendant does not argue that the information it is seeking to preclude falls within the express ambit of 42 U.S.C. § 2000e-5(b), and any information disclosed during settlement negotiations will not be permitted. Nor is Defendant "b[ou]nd . . . to the positions [it] initially assert[ed] in . . . administrative proceedings." *McCoy v. WGN Cont'l Broad. Co.*, 957 F.2d 368, 374 (7th Cir. 1992). Rather, those statements may be admissible as an admission of a party opponent or a prior inconsistent statement, and a jury can determine the weight to be given them. *Frazier v. Indiana Dep't of Labor*, No. IP01-198CTK, 2003 WL 21254567, at *4 (S.D. Ind. Mar. 24, 2003) ("[A]n employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements for its challenged decision."); *see also Brooks v. Grandma's House Day Care Centers, Inc.*, 227 F. Supp. 2d 1041, 1043 (E.D. Wis. 2002) (allowing admission of "a statement in a letter written by defendant's counsel . . . to the EEOC . . . in response to the EEOC's notice to it of plaintiff's discrimination charge" that "was intended to serve as the Company's statement of position with respect to the allegations contained in the charge," upon a finding that the letter "was not written in the course of informal endeavors by the EEOC to settle the case" but was written when "the EEOC had not yet completed its investigation and had not determined that there was reasonable cause to believe that the charge was true").

The final results of the EEOC investigation are precluded as prejudicial and with a high potential to mislead the jury, Fed. R. Evid. 403, and the parties may not refer to them at trial. Evidentiary determinations about statements made by Defendant during the course of the investigation will be resolved at trial.

3. Exclude Non-Party Witnesses from the Courtroom During Trial

Plaintiffs move to exclude witnesses from trial during testimony and prohibit the calling of witnesses in rebuttal if they have observed some other part of the trial after their initial testimony. [DE 100]. Defendant did not respond. Pursuant to Federal Rule of Evidence 615, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Accordingly, the Court excludes non-party witnesses from trial during testimony.

4. Plaintiff Rogers's Previous EEOC Charge of Discrimination against Defendant

Plaintiff Rogers filed a previous charge of discrimination against Big Lots in 2009 alleging discrimination when a promotion was given to Angela Sales-Stephens, a white woman who is another plaintiff in this suit, rather than Plaintiff Julia Rogers, a black woman. Plaintiffs argue that the previous charge is not relevant to the issues the jury is asked to decide, and mention of it would be confusing and possibly mislead the jury. [DE 101]. Defendant argues that this former charge illustrates an inconsistency: that in the first charge, Rogers did not consider Sales-Stephens to be a member of a protected class, but in this case Plaintiffs are presenting both as members of a protected class. Defendant argues that reference to the former EEOC charge is evidence in support of its position regarding Sales-Stephens' membership in a protected class. In their reply, Plaintiffs argue that Rogers's opinion on Sales-Stephens's status is inadmissible. Rogers is not an agent or authorized to speak on Sales-Stephens's behalf, and is not a co-conspirator. Plaintiffs' also argue

4

that Rogers's opinion does not qualify as a statement by a party-opponent because it has no probative value to Rogers's claim in this case. As Plaintiffs argue, the opinion of a lay witness, in the form of Rogers, as to whether a plaintiff is a member of a protected class in not admissible under Federal Rule of Evidence 701, since Rogers is not an expert with specialized legal knowledge pursuant to Rule 702. Because the previous EEOC charge has no relationship to this case and any probative value is outweighed by confusion and the likelihood of misleading the jury with reference to a prior, unrelated charge of discrimination involving several of the same parties to this case, Defendant is barred from referring to the charge of discrimination previously filed by Rogers.

5. <u>Undisclosed Witnesses</u>

Plaintiffs move to bar the use of witnesses who were not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1). [DE 102]. In particular, Plaintiffs argue that Defendant never disclosed its intent to call Vincent Cattano as a witness and, pursuant to Federal Rule of Civil Procedure 37(c)(1), since he was not disclosed as a witness in time for Plaintiffs to depose him or conduct additional discovery that his inclusion in the case would require, his testimony should be barred. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Defendant argues that the failure to disclose Mr. Cattano was harmless because Plaintiff did take some discovery from Mr. Cattano, who was a custodian of one of the email boxes from which data was collected, and Mr. Cattano submitted two affidavits in the case: one in support of a memorandum opposing a motion to compel, and the other in support of Defendant's motion for summary judgment. In reply, Plaintiffs argue that the provision of an affidavit in support of a

motion for summary judgment, along with dozens of other exhibits all filed after the close of discovery, does not suffice as disclosure of a witness pursuant to Federal Rule of Civil Procedure 26(a)(1).

The Rule 37 "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998)). The Seventh Circuit Court of Appeals has laid out four factors for the Court to consider in determining whether the Rule 26(a) violation was justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857 (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir.1995); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)).

In this case, Plaintiffs argue that they will suffer incurable prejudice if Mr. Cattano testifies because they did not have time to depose him. Defendant has explained its failure to disclose Mr. Cattano as a witness earlier as an oversight rather than an intentional omission, and blames Plaintiffs for not guessing that Mr. Cattano was intended to be a witness and challenging his omission from the initial disclosures earlier. However, as Plaintiffs argue, there was nothing about the affidavit from Mr. Cattano in support of the motion to compel to suggest that his testimony would be relied on at trial, nor were all of the other record custodians disclosed as witnesses in the case so as to indicate that Defendant intended to call Mr. Cattano. At this late date, Plaintiffs do not have the ability to cure the prejudice, and there is a possibility that the trial will be disrupted. Accordingly,

the Court cannot conclude that Defendant's failure to disclose Mr. Cattano in a timely manner was substantially justified or harmless, and therefore the automatic sanction of exclusion pursuant to Rule 37 is appropriate. Mr. Cattano is excluded from testifying at trial because Defendant did not disclose him as required by the Federal Rules of Civil Procedure.

      6.      <u>Previously Dismissed Plaintiffs</u>

Plaintiffs argue that evidence, argument, or mention of the plaintiffs who were previously dismissed from the case should be barred. [DE 103]. These individuals will testify as witnesses to the conditions surrounding Plaintiffs' allegations of constructive discharge, and Plaintiffs argue that reference to their dismissed claims will be prejudicial to the remaining Plaintiffs, potentially confuse the jury, and lead to the Court wasting its time attempting to keep the jury from improperly speculating as to why the previous claims were dismissed.

Defendant objects to the scope of Plaintiffs' request, and also filed a separate motion requesting that the Plaintiffs be barred as "me too" witnesses. [DE 108]. Defendant argues that it should be permitted to use evidence of the dismissed claims to demonstrate the potential bias of the witnesses who were previously party plaintiffs. In their reply, Plaintiffs indicate that they have no objection to Defendant establishing that the dismissed plaintiffs had filed a claim of discrimination against Defendant, which would demonstrate these witnesses' potential bias, but object to a mention of the fact that their claims were dismissed. Plaintiffs argue that the dismissal has no probative value, but could cause confusion and potential prejudice.

Defendant argues that the former Plaintiffs should be prohibited from testifying at all about the subject of their claims that did not survive summary judgment, but that Defendant should be able to describe the dismissal of the previous claims to show their bias. Plaintiffs argue that the

7

testimony of the dismissed former plaintiffs is relevant because they will testify to the circumstances surrounding the store closing meeting, the information relayed to them, and the conduct that they experienced throughout the store closing process, as circumstantial evidence of behavior toward other employees in the same protected group.

Seventh Circuit Court of Appeals "precedents establish . . . that 'behavior toward or comments directed at other employees in the protected group' is one type of circumstantial evidence that can support an inference of discrimination." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 529 (7th Cir. 2008) (quoting *Hemsworth v.Quotesmith.Com, Inc.*, 476 F.3d 487, 491 (7th Cir.2007); citing *Phelan v. Cook County*, 463 F.3d 773, 781 (7th Cir.2006)); *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (explaining that evidence of discrimination experienced by other witnesses may be relevant based on the facts and circumstances of a particular case). In this case, the dismissed plaintiffs are members of the protected group who will testify as to behavior and comments directed at them during the store closing process. They had the same managers and attended the same closing meetings, making their experience relevant to whether or not Defendant discriminated against Plaintiffs on the basis of race.

The Court concludes that discussion of the claims that were dismissed would tend to confuse the jury and potentially prejudice Plaintiffs, and that information does not appear to have any probative value in this case. Although Defendant should be able to elicit testimony from the former plaintiffs about their potential bias, the former plaintiffs' prior participation in this suit or the reasons their claims were dismissed are unnecessary to establish bias. Instead, Defendant can establish bias through testimony that the dismissed Plaintiffs also filed claims of discrimination against Defendant with the EEOC. *See Graham v. Bennett*, No. 04-2136, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12,

8

2007) (barring "evidence as to claims filed against parties who are no longer defendants in this action" under Federal Rule of Evidence 403 as too prejudicial and barring "evidence that [former plaintiff] was once a party to this action because these dropped or dismissed counts are irrelevant to the remaining claim . . . and the prejudice resulting from admission of this evidence outweighs its probative value" when "Defendant has other ways to address the issue of bias with regard to [the former party]").

       7.     Conversations with Unidentified Individuals

Defendant requests that the Court exclude testimony at trial related to Plaintiffs' conversations with unidentified individuals at its corporate office. [DE 106]. Several Plaintiffs called the corporate office of Big Lots, and, although each of them cannot identify the people they spoke with individually, several of them were able to identify the corporate representatives that the group of Plaintiffs spoke with. Plaintiffs argue that they spoke to Defendant's agents about topics within the scope of those agents' employment. Defendant argues that the people identified by Plaintiffs are not Big Lots officials with authority to act or speak on behalf of Defendant and testimony by Plaintiffs about their conversations is inadmissible hearsay. Plaintiffs argue that their statements to the representatives are not offered for the truth of the matter asserted, and that the statements by the representatives are offered for their effect on Plaintiffs, not their truth. Furthermore, the representatives are not unidentified, and Plaintiffs assert that Defendant cannot contest that the conversations were about topics within the scope of the agents' employment. In reply, Defendant continues to assert that Plaintiffs are unable to identify the people they spoke with, and continue to assert that the people in the corporate office could not bind Defendant.

Given the dispute over whether the corporate representatives have been identified and what their roles were, Defendant has not shown that the evidence of conversations between Plaintiffs and the individuals at the corporate office is clearly inadmissible. The Court cannot resolve this dispute on the information provided so far.

### 8. Evidence of Punitive Damages

Defendant moves to exclude evidence regarding punitive damages, arguing that any reference to punitive damages should be excluded until Plaintiffs have proved a *prima facie* case that Defendant acted with malice or reckless indifference to Plaintiffs' rights and have shown that Defendant had not made a good faith effort to comply with Title VII. [DE 109]. Plaintiffs argue that Defendant did not move for summary judgment on Plaintiffs' claim for punitive damages so it is inappropriate for theme to argue at this stage that their claim is legally insufficient.

Defendant is correct that at this stage, Plaintiffs have not evinced evidence that Defendant acted with malice or reckless indifference, but Plaintiffs also have not put on their evidence. The Court will not exclude evidence that Defendant acted with malice or reckless indifference. Likewise, "although the implementation of a written or formal antidiscrimination policy is relevant to evaluating an employer's good faith efforts at Title VII compliance, it is not sufficient in and of itself to insulate an employer from a punitive damages award." *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 858 (7th Cir. 2001); *see also E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 835 (7th Cir. 2013) (same).

Plaintiffs may fail to meet their burden of demonstrating that they are entitled to punitive damages, but the question has not yet been addressed in the course of this litigation, and the argument over what instructions the jury will receive is one for another day.

**B. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS**:

(1) Plaintiffs' Motion *in Limine* No. 1 to Bar Evidence of Public Benefits Received by any Plaintiff [DE 96];

(2) Plaintiffs' Motion *in Limine* No. 2 to Bar Reference to the EEOC Final Determination [DE 99];

(3) Plaintiffs' Motion *in Limine* No. 3 to Exclude Non-Party Witnesses from the Courtroom During Trial [DE 100];

(4) Plaintiffs' Motion *in Limine* No. 4 to Bar any Suggestion that Plaintiff Rogers Previously Filed a Charge of Discrimination Against Defendant Big Lots Inc. [DE 101];

(5) Plaintiffs' Motion *in Limine* No. 5 to Bar the use of Undisclosed Witnesses [DE 102]; and

(6) Plaintiffs' Motion *in Limine* No. 6 to Bar Evidence, Argument, or Mention of Dismissed Plaintiffs [DE 103].

The Court hereby **DENIES**:

(1) Defendant's Motion in Limine to Exclude Testimony Regarding Statements Made by Unidentified Declarants [DE 106];

(2) Defendant's Motion in Limine to Exclude Evidence Relating to Defendant's EEOC Investigation [DE 107];

(3) Defendant's Motion in Limine to Exclude Evidence Relating to Former Plaintiffs' Claims for which the Court Entered Summary Judgment in Favor of Defendant [DE 108]; and

(4) Defendant's Motion in Limine to Exclude Evidence Regarding Punitive Damages [DE 109].

So ORDERED this 3rd day of May, 2016.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record